# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD DAVID SIMMONS, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4847 |
| | : | |
| JANET SANTOSE FANO, *et al.*, | : | |
| *Defendants.* | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                          **DECEMBER 2, 2020**

       *Pro se* Plaintiff Richard David Simmons, a prisoner incarcerated at SCI-Phoenix, filed this lawsuit pursuant to 42 U.S.C. § 1983, raising constitutional claims based on the publication of an article or articles that reported Simmons had been charged with certain crimes. Simmons seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Simmons leave to proceed *in forma pauperis* and dismiss his Complaint.

I[1]

       Public dockets reflect that on October 4, 2018, Simmons was arrested and charged with false imprisonment, rape, burglary, and other charges. *Commonwealth v. Simmons*, CP-23-CR-2363-2019 (C.P. Delaware). Following preliminary proceedings, the rape charge and an aggravated assault charge were withdrawn, as was a misdemeanor burglary charge. *Id.*; *Commonwealth v. Simmons*, MJ-32136-CR-

---

[1] The following allegations are taken from the Complaint and public records of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

0000410-2018. Simmons ultimately pled guilty to one felony count of burglary and was sentenced to twenty-four to sixty months of incarceration. *Commonwealth v. Simmons*, CP-23-CR-2363-2019 (C.P. Delaware).

Simmons's Complaint names the Delaware County Daily Times and two of its publishers or editors, Janet Santose Fano and Frank Gothie, as Defendants. (ECF No. 2 at 4.)[2] Simmons alleges that on or about October 4, 2018, the Defendants published articles in the Daily Times about him "and crimes [he] didn't commit without checking social security numbers and birth dates to make sure [he] was the right person with that criminal record." (*Id.* at 6.) The Court understands Simmons to be alleging that the Defendants published false information about his criminal proceeding, as he alleges that "false charges were files against [him] about a crime that didn't happen." (*Id.*; *see id.* at 7.) Simmons appears to be complaining that the article or articles in question reported that he was charged with crimes that were later dismissed, presumably the charges that were dismissed in Simmons's preliminary proceeding. (*See id.* at 6.)

Simmons claims these publications violated his Fourth and Fourteenth Amendment rights, destroyed his character, and caused him to get into fights. (*Id.* at 5 & 7.) He seeks $50 million in compensatory and punitive damages for defamation, and amendment of the article or articles in question.

II

The Court grants Simmons leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] However, as Simmons is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As Simmons is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a

close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Here, the Defendants are a private newspaper and two of its employees. There is no plausible suggestion in the Complaint that they are state actors. Accordingly, any § 1983 claims against them fail. *See Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016) (per curiam) (newspaper and its staff members were "private actors — not state actors"); *see also Harper v. Harrell*, Civ. A. No. 17-5603, 2017 WL 6594382, at *3 n.3 (E.D. Pa. Dec. 22, 2017) (concluding that the Philadelphia Daily News, Fox 29 News, and their employees could not be considered state actors liable for defamation pursuant to § 1983).

In any event, Simmons's Complaint fails to state an actionable due process claim under § 1983 based on harm to his reputation. An individual does not have a protected interest in reputation alone. *See Thomas v. Independence Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead, "defamation is

actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"). Simmons has not done so here.

To the extent that Simmons intended to raise state law defamation claims based on these allegations, because the Court has dismissed Simmons's federal claims against all Defendants, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Here, Simmons has not raised any allegations about his citizenship or the citizenship of the parties. Accordingly, he has not met his burden of establishing a basis for this Court's subject matter jurisdiction over any state defamation claims. The Court will give him leave to file an amended complaint in the event he intends to pursue a defamation claim under Pennsylvania law and can state a basis for the Court's jurisdiction over that claim. Alternatively, rather than returning with an amended complaint, he may choose to file his claim in state court, where federal subject matter jurisdiction will not be an issue.

IV

For the foregoing reasons, the Court will dismiss Simmons's § 1983 claims for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice because amendment of those claims would be futile. However, the Court will dismiss Simmons's state defamation claim for lack of subject matter jurisdiction with leave to file an

amendment complaint. An appropriate Order follows, which provides further instruction as to amendment.

                                      **BY THE COURT:**

                                      */s/ Gerald J. Pappert*
                                      **GERALD J. PAPPERT, J.**