## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD DAVID SIMMONS, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-4847 |
| | : | |
| JANET SANTOSE FANO, *et al.*, | : | |
| *Defendants.* | : | |

## MEMORANDUM

**PAPPERT, J.**                                                      **JANUARY 14, 2021**

Plaintiff Richard David Simmons, a prisoner incarcerated at SCI-Phoenix, has filed an Amended Complaint alleging that he was defamed by the publication of an article reporting on criminal charges filed against him. For the following reasons, the Court will dismiss the Amended Complaint.

I[1]

Public dockets reflect that on October 4, 2018, Simmons was arrested and charged with false imprisonment, rape, burglary, and other charges. *Commonwealth v. Simmons*, CP-23-CR-2363-2019 (C.P. Delaware). Following preliminary proceedings, the rape charge and an aggravated assault charge were withdrawn, as was a misdemeanor burglary charge. *Id.*; *Commonwealth v. Simmons*, MJ-32136-CR-0000410-2018. Simmons ultimately pled guilty to one felony count of burglary and was

---

[1] The following allegations are taken from the Complaint, the Amended Complaint and public records of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1

sentenced to twenty-four to sixty months of incarceration. *Commonwealth v. Simmons*, CP-23-CR-2363-2019 (C.P. Delaware).

Simmons's initial Complaint named as Defendants the Delaware County Daily Times and two of its publishers or editors, Janet Santose Fano and Frank Gothie. (ECF No. 2 at 4.)[2] Simmons alleged that on or about October 4, 2018, the Defendants published articles in the Daily Times about him "and crimes [he] didn't commit without checking social security numbers and birth dates to make sure [he] was the right person with that criminal record." (*Id.* at 6.) Simmons also alleged that "false charges were filed against [him] about a crime that didn't happen." (*Id.*; *see id.* at 7.) Simmons appeared to be complaining that the article or articles in question reported that he was charged with crimes that were later dismissed, presumably the charges that were dismissed in his preliminary proceeding. (*See id.* at 6.)

Simmons claimed these publications violated his Fourth and Fourteenth Amendment rights, destroyed his character, and caused him to get into fights. (*Id.* at 5 & 7.) He sought $50 million in compensatory and punitive damages for defamation, and amendment of the article or articles in question.

In a December 2, 2020 Memorandum and Order, the Court granted Simmons leave to proceed *in forma pauperis* and dismissed his Complaint upon screening. (ECF No. 14 & 15.) The Court dismissed Simmons's § 1983 claims because the Defendants — a private newspaper and its employees — were not state actors subject to liability under that statute. (ECF No. 14 at 4.) The Court also concluded that, in any event,

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Simmons failed to allege a violation of his constitutional rights. (*Id.* at 4-5.) To the extent Simmons intended to raise defamation claims under state law, the Court dismissed those claims without prejudice because he failed to plead an independent basis for the Court's jurisdiction over those claims. (*Id.* at 5-6.) The Court dismissed Simmons's § 1983 claims with prejudice upon finding that amendment would be futile but permitted Simmons to file an amended complaint in the event he could state a jurisdictional and factual basis for a defamation claim under state law. (*Id.* at 6-7.) Simmons was informed that he should clearly state the basis for the Court's jurisdiction over his claims and that he "should clarify how many articles he is claiming defamed him, allege the date or dates those articles were published, and explain why the articles were defamatory." (ECF No. 15 at 2-3.)

Simmons filed an Amended Complaint again naming as Defendants the Daily Times, as well as Frank Gothie, and Janet Santosefano — both identified as publishers or editors who Simmons sued in their official capacities.[3] (ECF No. 18 at 1-3.) Simmons alleges that on October 4, 2018, the date he was arrested, he ran into a dry cleaning store and had a seizure, which caused him to fall and grab the attendant. (*Id.* at 5.) A police officer entered the cleaners and apparently believed he interrupted a

---

[3] "Generally, a suit against [a] public officer in his or her official capacity is used to compel that officer to take some official action . . . [and that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit." *Owens v. Connections Cmty. Support Programs, Inc.,* 840 F. Supp. 2d 791, 796 (D. Del. 2012). "As a result, it is unnecessary to allow a claim against a defendant in his or her official capacity when the entity of which he is an official is capable of being sued directly." *DeRay v. Larson,* 283 F. Supp. 2d 706, 710 (D. Conn. 2003); *see also Owens,* 840 F. Supp. 2d at 796 ("[I]f the [private] employer is named as a defendant, the same . . . claim against an employee in his official capacity is redundant."). Accordingly, Simmons's official capacity claims against Gothie and Santosefano are duplicative of his claims against the Daily Times. The Court will therefore address Simmons's claims as raised exclusively against the Daily Times.

3

sexual assault, leading him to charge Simmons with rape and related charges. (*Id.*) As noted above, the rape and related charges were dismissed. Simmons alleges that he was falsely arrested and charged with these crimes.[4] His claims against the Defendants are based on their publication of an article on October 4, 2018 "stating [that Simmons] committed the rape and other false charges along with a long list of charges on [his] record that belong[ed] to someone with the same name . . . without checking . . . to make sure [he] was the right person before publishing." (*Id.* at 5 & 10.) Simmons alleges that the October 4, 2018 article "made [it] look like [he] committed the heinous crime of rape and other violent crimes that [were] committed by a different person." (*Id.* at 11.)

The Amended Complaint asserts constitutional claims pursuant to § 1983 and defamation claims under state law based on the publication of this article.[5] Simmons alleges that he is a Delaware citizen and that the Daily Times is a citizen of Pennsylvania. (*Id.* at 6.) Simmons seeks $50 million in compensatory and punitive damages. (*Id.* at 8.)

II

As Simmons is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999),

---

[4] Simmons has filed a separate lawsuit raising claims based on the filing of those charges against him. *See Simmons v. McBride*, Civ. A. No. 20-4846 (E.D. Pa.).

[5] Simmons does not specifically identify any other articles in his Amended Complaint.

which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 575 U.S. 532 (2015). As Simmons is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III

Although the Court dismissed Simmons's § 1983 claims with prejudice, the Amended Complaint reasserts his constitutional claims. These claims again fail because the Daily Times is not a state actor. As explained in the Court's December 2, 2020 Memorandum, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private

entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Here, Simmons is suing the Daily Times, but there is no plausible suggestion in the Amended Complaint that the Daily Times, a private newspaper, is a state actor. Accordingly, Simmons's § 1983 claims fail and will be dismissed with prejudice. *See Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016) (per curiam) (newspaper and its staff members were "private actors — not state actors"); *see also Harper v. Harrell*, Civ. A. No. 17-5603, 2017 WL 6594382, at *3 n.3 (E.D. Pa. Dec. 22, 2017) (concluding that the Philadelphia Daily News, Fox 29 News, and their employees could not be considered state actors liable for defamation pursuant to § 1983).

Although Simmons has alleged a basis for the Court's jurisdiction over his state law defamation claim, that claim is time-barred.[6] In Pennsylvania, "[t]he statute of limitations for defamation claims is one year from the date of publication." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 174 (3d Cir. 2012) (citing 42 Pa. Cons. Stat. § 5523). Simmons's defamation claim is based on an article published on October 4, 2018, so his claim accrued on that date. *See McClenaghan v. Turi*, 567 F. App'x 150,

---

[6] A district court has jurisdiction over cases in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  Simmons seeks more than $75.000 in damages.  He alleges that he is a Delaware citizen and that the Daily Times is a Pennsylvania citizen. (ECF No. 18 at 6.)

154 (3d Cir. 2014) (per curiam) ("The relevant triggering event for the statute of limitations in a defamation action under Pennsylvania law, however, is the *publication* of the defamatory communication by the defendant, not the point in time when the plaintiff first learns of the communication."). However, Simmons did not file this civil action until September 2020, long after the statute of limitation expired on October 4, 2019.[7] Furthermore, the discovery rule — which tolls the limitations period when the plaintiff does not know of his injury or its cause despite the exercise of reasonable diligence — does not apply here because the alleged injury and its causes were immediately knowable upon publication of the allegedly defamatory article. *See Palmer v. City of Harrisburg, PA*, 276 F. App'x 105, 109 (3d Cir. 2008) (per curiam) (state law defamation claims were time barred and discovery rule did not apply because "the alleged injuries and the causes thereof were immediately ascertainable"); *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005) ("As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause."). Accordingly, Simmons's defamation claim is time-barred.

## IV

For the foregoing reasons, the Court will dismiss the Amended Complaint. Simmons will not be given leave to file a second amended complaint because the Court

---

[7] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Simmons's initial Complaint is dated September 22, 2020, so that is the earliest date he could have handed it to prison authorities for mailing. (*See* ECF No. 2 at 13.)

concludes that further attempts at amendment would be futile. An appropriate Order follows.

            **BY THE COURT:**

            */s/ Gerald J. Pappert*
            **GERALD J. PAPPERT, J.**